IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CLARENCE COLLINS                                                                                     PLAINTIFF
ADC #84568

V.                                              NO: 5:07CV00017 SWW/HDY

GEORGE BREWER *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

>  hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on January 30, 2007. Plaintiff alleges his constitutional rights are being violated by the failure of ADC officials to provide him with a statutorily mandated parole hearing. Now pending before the Court is Defendants' motion for judgment on the pleadings (docket entry #35), and brief in support (docket entry #36). Plaintiff filed an "objection" to the motion (docket entry #39), which was denied by an order entered on January 10, 2008 (docket entry #40). That same order directed Plaintiff to file a response to the substance of Defendants' motion within 11 days. More than 11 days has now passed, and Plaintiff has not responded to Defendants' motion.

### I. Standard of review

Motions for judgment on the pleadings are governed by the same standards that apply to

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II. Analysis

Plaintiff has named two Defendants: ADC Director Larry Norris, and ADC Classification Administrator George Brewer. According to Plaintiff, he is being improperly classified as having four felonies under Ark. Code Ann. § 16-93-606, when he should be classified as having only three. Plaintiff contends that one of his felonies is a Class C felony, which is not defined as a felony for purposes of Ark. Code Ann. § 16-93-606. Plaintiff argues this improper classification makes him ineligible for a parole hearing. Plaintiff seeks declaratory and injunctive relief, and requests that he receive an immediate parole hearing.

In their motion, Defendants assert that Plaintiff's claim should be dismissed because he has previously litigated the claims in state court, that his claim is barred by *Heck v. Humphrey*, 512 U.S. 475 (1973), that his claim against Norris is based on *respondeat superior*, and that violation of ADC policy is not actionable.

According to Plaintiff's complaint, on May 23, 2005, he filed a petition for a writ of mandamus in the Circuit Court of Jefferson County, seeking to be reclassified as a three time offender. On July 7, 2005, the writ was denied by Judge Robert H. Wyatt, Jr. That decision was

3

affirmed by the Arkansas Supreme Court.  On June 21, 2006, Plaintiff filed a petition for a declaratory judgment and injunctive relief seeking that the court declare that his class "C" felony conviction could not be used to enhance his offender status.  On August 30, 2006, that request was denied.

To the extent that Plaintiff's complaint seeks to have the federal court review a decision of the state court concerning its interpretation of the statutory scheme at issue, the complaint must be dismissed.  "The *Rooker-Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments."  *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000), *cert. denied*, 531 U.S. 1183 (2001) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  "The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."  *Lemonds*, 222 F.3d at 492.  If the federal court can only provide relief by determining the state court was wrong, it is, in effect, an appeal of the state court judgment that is prohibited by the *Rooker-Feldman* doctrine.  *Id*. At 493.

To the extent that Plaintiff's complaint could be liberally construed to argue that the state's statutory scheme gives rise to a right to parole to which he has been denied, the complaint must be dismissed.  Nothing in the Arkansas statutes creates a right of an inmate to be released on parole which would invoke due process protection.  *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D. Ark. 1979).[1]

---

[1]It is worth noting that, even if Plaintiff had a right invoking due process, his complaint should nevertheless be dismissed.  Plaintiff clearly had the opportunity to raise his claims before the state court.  "Due process is flexible and calls for such procedural protections as the particular situation demands."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (internal quotation and alteration omitted).  At its essence, however, "[t]he fundamental requirement of due process is the

Accordingly, Defendants' motion for judgment on the pleadings should be granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for judgment on the pleadings (docket entry #35) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

Dated this ___7___ day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 333 (internal quotation omitted).